Good morning, your honors. May it please the court. Erin can work in on behalf of the appellant, Randolph Burleson. I'd like to reserve two minutes for rebuttal and I will try and keep track of my time. Thank you. Thank you. So today I'd like to focus primarily on two issues in this case. First, I'll address the Rahafe error and, more specifically, Mr. Burleson's invalid plea. And second, I'll turn to the unconstitutionally vague risk of notification condition of supervised release. But just briefly, because this court must also address suppression in this case and the district court's failure to apply the correct legal standards to the issue, I'm of course prepared and happy to answer any questions that the court may have on that point as well. But turning first to the Rahafe error in this case. The indictment's failure to include the Burleson necessarily knew that he was a person prohibited from unlawful firearm possession at the time of the alleged possession led to at least four critical errors in this case. So first, it deprived the courts of jurisdiction over the prosecution. Second, it violated Mr. Burleson's Fifth Amendment right to indictment by grand jury. Third, it violated Mr. Burleson's Sixth Amendment right to true notice of the offense. And finally, it resulted in a constitutionally invalid plea made unknowingly and involuntarily because he didn't have a true understanding of each essential element of the offense. How do we review these alleged errors in this case? No objection being made at the trial court. Is there a review for plain error or is there a review for something else? I think ordinarily in this situation, without an objection below, it would be plain error, right? But in this case, I think these errors are so fundamental and go to the framework of the proceedings. These really constitute structural error. The only circuit to have found this to be structural error in the context of a guilty plea is the fourth. They recently had a denial of a hearing in Bank where a bunch of judges said the only reason we're not voting for a hearing is we're pretty sure that the Supreme Court will reverse us. That's always a dangerous thing, I guess. But is there any other court that's found this to be structural error? Not to my knowledge. To my knowledge, the only other court to have considered the structural error argument is actually the Fifth Circuit. But in the United States v. Hicks, the court didn't really do the deep-searching dive into the Supreme Court case law and Supreme Court holdings that the Fourth Circuit did in Gary. The Fifth Circuit just cited to prior precedent, said we're not going to apply structural error. In fact, didn't even cite to relying one way or the other on binding Supreme Court authority. So I think looking to Gary on this issue from the Fourth Circuit's case in the United States v. Gary provides helpful guidance to this court. Let me ask the question. Judge Yakuda, I'm sorry. In Venomore, we looked at this issue, said the error was harmless. So is it your view that we are not bound by Venomore because Venomore did not address a structural error in this case? Correct, Your Honor. It's correct that this court isn't bound by Venomore. But I would propose for two reasons. So first, Your Honor is correct that Venomore didn't address structural error. But secondly, the claim in Venomore was an entirely separate issue with a separate analysis. Venomore considered a post-trial sufficiency of the evidence claim. Here, Mr. Burleson is making no such sufficiency claim. What Mr. Burleson was deprived of here wasn't the right to be free of an erroneous conviction, but it was the right to make an informed choice as to whether he was willing to waive certain constitutional rights and be guilty or put the government to its burden. Opposing on the defect and indictment issue, opposing counsel points to Cotton and our defect and indictment is not jurisdictional. What's your response to that? Certainly, Your Honor. So in Cotton, what the Supreme Court did was essentially say that an Apprendi error wasn't jurisdictional. And I would submit to this court that not all deficiencies and indictments are the same. So here we know that given the binding precedent in this circuit, at the time that Mr. Burleson entered his plea, no one understood this newly recognized mens rea element to be part of the offense. So we know for a fact that it wasn't charged and therefore the offense of unlawful possession of a firearm simply wasn't alleged in this indictment. There was no federal offense alleged in this indictment. And this is distinct and distinguishable from an offense alleged. It was just controlling the applicable punishment. Well, let me ask the question slightly differently. Let's assume for just purpose of discussion that we don't think the error is structural. Can you establish plain error? Yes, Your Honor. Because for the same reasons that this would be a structural error, even if this court doesn't reach that, are the same reasons that this error warrants relief under plain error. As this court, excuse me, looking to Gary, even before Gary reached the structural error analysis, it first looked to the Supreme Court decisions that it could find that were somewhat analogous to this situation. So for example, the court looked to the Supreme Court decision of Henderson v. Morgan. And in Henderson v. Morgan, the Supreme Court grappled with a defendant's guilty plea that he had made a second degree murder, but not having known of the intent element. And what the Supreme Court did was actually assume in that case that there was overwhelming evidence of guilt, including that the defendant had actually admitted to killing the victim in that case. In this case, we're trying to figure out whether or not your client knew he was a felon in possession, whether he knew that he would have felony convictions. And he had 13 of them. And our recent decision says we can look past the trial record. Here, there was only a guilty plea. So is there any reasonable possibility that he didn't have the requisite knowledge? Respectfully, I don't think the question is whether we can now on review, say he did or didn't have the knowledge. The question is, at the time that he entered his plea, did he make a knowing choice to answer that plea? And the whole probability that he wouldn't since it was apparent to him that he was a felon. I mean, it's very, it's a hard road to hoe to say there wasn't a reasonable probability he would have taken the plea if he knew that he had to know he was a felon at the time he had the gun. Is that your position? That is not a reasonable probability he would have taken a plea if he had known about the mens rea element? So yes, Your Honor, for two reasons. So first, there's absolutely nothing in the record at the time that Mr. Burleson entered his plea to demonstrate that he knew of this essential element and that he admitted facts necessary to support that essential element. But secondly, Your Honor- There's a list of convictions that Judge Hurwitz referenced. Does he not know he was convicted? Is that your position? My position is that at this point, the record doesn't demonstrate that. And again, that the plea must be knowing and voluntary isn't a question for searching through the record as a whole. In fact, Gary explicitly rejected this approach, recognizing that even under a plain error analysis, in not every case, and it relied on Alano for this point, in not every case does a defendant have to prove a specific showing of prejudice. When we have an Yes, I would hear from the government. Good morning, Your Honors. May it please the court, Christopher Lin for the United States. Mr. Burleson raised three arguments here, none of which merit the relief he seeks. I'll first draw on the rehate issue, which does not require dismissal of indictment or reversal. On June 1 of this year, in United States v. Espinoza, this court addressed and rejected all of the three same arguments that Burleson raises here. First, the omission of the knowledge element in the indictment does not deprive the jurisdiction of the district court of jurisdiction. Second, under a plain error review, when a defendant has previously served more than one year in jail, and a plea colloquy fails to address the knowledge of status element, a defendant under the third prong of plain error review cannot meet his burden because he cannot show that but for the error, he would not have pled guilty. And finally, the defendant's fifth and sixth amendment arguments fail because an unconstitutional guilty plea waives those errors. And even if the arguments were not waived, he cannot show plain error. Let me ask you about the issue your friend didn't have a chance to get to, which is the condition of supervised release. What do you do with our recent decision in a case whose name I can't pronounce, but I think it's Magridella? Yes, your honor. So the condition and Magridella was similar to the one in Evans that decision holds. But since Evans, and including Evans, the district court has been guided by the Ninth Circuit's consistent guidance. And the district court can only follow that guidance from this Well, I understand. I'm not faulting the district court. The case came down after the sentence, but the case is on direct appeal. So distinguish this case if you can, from Magridella. Your honor, I can say that the previous decisions of this court have said that the word risk in that risk notification condition. I know they were MemDISPs though. We have a new opinion. Either it controls or it's distinguishable. I'm having a hard time deciding which of the two. But you can't tell me that we had previous MemDISPs that approved this before the opinion. So tell me why it's either distinguishable or isn't. I thought that Magridella last the sentencing guidelines 5E1.3C12. Isn't that true? That was correct. It is very true, your honor. And I would say that then it said to that the guidelines implicitly imply the risk posed by the defendant's criminal record. And I thought the condition in this case tracked the guidelines exactly except for changing the word to you instead of the defendant. Correct, your honor. And how was the condition in this case different than the condition in Magridella? The essential parts of it are very similar, your honor. Yeah, that was that's my, let me be honest with you. I'm having difficulty with Magridella. It says if you follow the guidelines, you're fine. The condition seemed to follow the guidelines, but the condition they threw out in Magridella was in my mind indistinguishable from the in this case. So it isn't a trick question. I'm just trying to figure out if we're bound to follow that case, how can we distinguish the condition in this case from that one? I would say, your honor, that in that case, it said look to the guidelines and the implied guidelines saying that of the risk. No, I know what the court said in that case. I think you're missing my question. I think what the court said in that case may be inconsistent with the decision it made, but just compare the guide, the condition of supervised release in that case, which the court said was not appropriate to the condition in this case, and tell me if there are any material differences between them. I can't. I guess the material, Magridella said they were material because it approved the guidelines and didn't approve the condition in that case. Well, tell me what the standard of review is here. Are we reviewing this for plain error? You are, your honor, and Espinoza reviewed this exact same condition and said it was not  well. I'm sorry. If the opinion said you're okay if you follow the guidelines, and if the district court then followed the guidelines, can it be a plain error? I don't believe it can, your honor. Let's go back for a second, though. I want to be clear in my own mind, and I must tell you, I can't distinguish the two conditions. Do you agree with me that looking at the two conditions side by side, there's no real distinction? I would agree, and I would say that, your honor, that at this point, there should be some very direct guidance so that these appeals, we are getting a lot of these appeals, and we need very direct guidance on this and what is satisfactory and what is not. Let me ask one other question. Espinoza is not a precedential decision? Espinoza is unpublished. That is correct. Okay. I don't blame you for this problem. The Ninth Circuit causes it. We have an opinion that says if you follow the guidelines, you're okay. A supervised release condition that seems to follow the guidelines, but indistinguishable from the one that they threw out in Magdarilla. Is that a fair summary of where we stand? Yes, your honor. Okay. Thank you. We'll have to solve that problem. I just wanted to make sure we all agree that we have it. So there was a couple of things I would like to address about the argument on the other side. First, Ms. Kevorkian noted that Mr. Burleson needed to know that he was not allowed to possess a firearm. That is not what we have said. All you need to know is that you belong to the class of which is prohibited from possessing that firearm. The second thing is that there was nothing in the record that would say that, but for this rehape error, he would not have pled guilty. And I think the record from Johnson, which can be expanded into looking at the complete appellate record, there is an abundant amount of facts that would show that he knew at the time he possessed that he had served one year in prison. Is this different because it's a guilty plea rather than a trial? Johnson solves the problem for trials, but Geary seems to think that a guilty plea is analyzed differently. Could you address that? Yes, your honor. I would say that a jury has to decide a case beyond a reasonable doubt. This court can then take facts that are not before the jury and say that a jury would find it beyond reasonable doubt. This court can also certainly say take facts not in the precise record that the judge mentioned and take that and say that the judge would, the district court would have had a sufficient factual basis to find that element of the bill. Let me, can I ask you one more question on this front? If Geary is correct, and I'm not suggesting it is, we would be required to vacate the plea in this case, would we not? If Geary, if you adopt Geary, you would be required to reverse this plea. That is, I asked because it's up in another case. That's why I want to know. I noticed that there was an appeal waiver in this case. Has the government waived the appeal waiver? I believe in this case, since the matter is, as they noted, an issue of jurisdiction that they wouldn't have appealed that. So the appeal waiver is very broad. It didn't notice any reference to it in your brief. So is the government waiving the effect of the appeal waiver? Oh, I would say we would address the issues that were appealed here. And as far as those issues, we would like to address them on the merits. All right. Thank you. But I would also say that this court should not adopt the Geary holding. In fact, the 5th, 8th, and 10th circuits have held to the contrary. And I know I see that I'm out of time. Thank you. All right. You have a little over a minute for rebuttal. Thank you, Your Honor. A guilty plea is absolutely different than the post-trial sufficiency of the evidence context. And it's something that the government in this case simply hasn't grappled with. The issues are entirely separate when we're analyzing whether evidence existed to sustain a conviction or whether a defendant was provided his due process right to make an informed choice. I also want to be clear in this case that Geary provides great guidance. But this court doesn't need to adopt Geary per se. This court can follow the Supreme, the longstanding Supreme Court authority that, again, Geary set forth and really provided a and go through. Finally, I know I didn't get to it in first speaking with Your Honors, but I would briefly touch on some of Judge Hurwitz's comments. With Magdarilla, Your Honor, I think that's absolutely right that it's simply not distinguishable, the condition here, from the condition in Magdarilla. I would also note for this court that although the 9th Circuit has made approving comments related to 5D1.3, it has never explicitly held that a district court appropriate applies that condition. So for these reasons, for numerous reasons, we would ask the court to reverse and revamp on this case. Thank you. We thank both parties for their arguments. The case of United States versus Randolph-Earlison is submitted.
judges: Ikuta, Hurwitz, Tagle